UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

EUNICE NAMONDO GWANMESIA,

Plaintiff(s),

v.

KRISTI NOEM,

Defendant(s).

Case No.2:25-CV-2005  JCM (DJA)

ORDER

Presently before the court is defendant Kristi Noem's motion to dismiss.  (ECF No. 8). Plaintiff Eunice Namondo Gwanmesia filed a response (ECF No. 9), to which defendant replied (ECF No. 10).

I.    **Background**

Plaintiff is a citizen of Cameroon.  (ECF No. 1 at 3).  Plaintiff filed her adjustment of status application to obtain lawful permanent residence on June 8, 2023.  (*Id.*).  On August 4, 2023, the United States Citizenship and Immigration Services ("USCIS") administratively closed the application because plaintiff was in removal proceedings.  (*Id.*).

In March of 2024, plaintiff filed a motion to reopen with USCIS along with evidence that her removal proceedings were dismissed; USCIS advised plaintiff that she would receive a response within 60 days.  (*Id.*).  To date, USCIS has not adjudicated her adjustment of status application.  (*Id.*).

Plaintiff now petitions the court to compel the government to adjudicate her application. Plaintiff alleges jurisdiction under the Mandamus Act, 28 U.S.C. § 1361, and alleges violations of Sections 555(b) and 706(1)(A) of the Administrative Procedure Act ("APA").  5 U.S.C. § 555(b); 5 U.S.C. § 706(1)(A).

**II.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) jurisdictional challenge may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  When a defendant argues the claims in a complaint, even if true, are insufficient to establish subject matter jurisdiction, the challenge is a facial one.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge to subject matter jurisdiction under Rule 12(b)(1), courts must accept all material allegations in a complaint as true and construe the complaint in favor of the plaintiff.  *White*, 227 F.3d at 1242; *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011).  By contrast, in a factual attack to subject matter jurisdiction, a challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.  *Safe Air for Everyone*, 373 F.3d at 1039.  Courts may look beyond a complaint only when the defendant factually attacks jurisdiction.  *White*, 227 F.3d at 1242.

**III.    Discussion**

"[M]andamus relief and relief under the APA are in essence the same," therefore, the jurisdictional analysis flowing from either is equivalent.  *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (cleaned up); *see Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1161 (N.D. Cal. 2007).

"Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  *Grondal v. United States*, 37 F.4th 610, 620 (9th Cir. 2022) (quoting *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003)).

Likewise, a claim alleging agency delay under the APA requires plaintiffs to assert "that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original).  Thus, a court can compel agency action "only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete

agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton* at 63–64).

Section 551(b) states, in relevant part, that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Section 706(1) states, in relevant part, that "[t]he reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

The court does not find either section imposes a mandatory duty on the government to take a particular agency action. Instead, these statutes provide a general directive requiring agencies to conclude matters within a reasonable time while leaving "officials ample room for judgment based on the circumstances." *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1113 (C.D. Cal. 2025) (quoting *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852, at *3–4 (D.C. Cir. July 24, 2024)).

Thus, since the APA does not place a specific, unequivocal command on USCIS, the court lacks subject matter jurisdiction to compel agency action.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

DATED February 13, 2026.

_____
UNITED STATES DISTRICT JUDGE